IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 04 C 5416 |
| v. | ) | |
| | ) | Wayne R. Andersen |
| LONNIE BUCHANAN. | ) | District Judge |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the petition of Lonnie Buchanan for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons stated below, the petition is denied.

### BACKGROUND

A grand jury returned a five-count indictment against Lonnie Buchanan and a co-defendant on November 2, 2000. Count One charged both defendants with conspiracy to distribute heroin and crack cocaine in violation of 21 U.S.C. § 846. Count Two charged Buchanan's co-defendant with distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Counts Three, Four and Five charged both defendants with distribution of heroin and crack cocaine, all in violation of 21 U.S.C § 841(a)(1). Following a jury trial commencing on September 17, 2001, the jury returned a guilty verdict against both defendants on all counts of the indictment. Buchanan was sentenced to a 151-month term of imprisonment on February 26, 2002.

Buchanan, with his co-defendant, appealed his conviction to the United States Court of Appeals for the Seventh Circuit. Defendants' attorneys filed a consolidated *Anders* brief with the Seventh Circuit asserting that they could not find a nonfrivolous basis for the appeal and seeking to withdraw from their representations of defendants. *See Anders v. California*, 386 U.S. 738

(1967). On March 14, 2003, the Seventh Circuit granted the motions to withdraw and dismissed the appeal. *See United States v. Omar Fazal and Lonnie Buchanan,* Nos. 02-1330 & 02-1756 (7th Cir. Mar. 14, 2003). Buchanan filed a petition for a writ of certiorari, which was denied on October 6, 2003. *See Buchanan v. United States,* 124 S. Ct. 171 (2003).

On August 17, 2004, Buchanan filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, Buchanan challenges the jurisdiction of the federal courts, asserts an ineffective assistance of counsel claim, and argues that the district court erred when it allowed custodial statements of non-testifying co-defendants to be heard at trial, when it did not find that Buchanan played a minor role in the offenses, and when it found that Buchanan participated in a drug conspiracy although he was not found in physical possession of any drugs.

## LEGAL STANDARD

Collateral relief under 28 U.S.C. § 2255, the federal habeas corpus statute, is available only in limited circumstances. The statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess or the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Such relief is therefore limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bishchel v. United States,* 32 F.3d 259, 263 (7th Cir.1994), quoting *Borre v. United States,* 940 F.2d 215, 217 (7th Cir.1991). If the reviewing court determines that such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall

discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

## I. Federal Jurisdiction Is Appropriate Because Buchanan Violated a Federal Statute

Buchanan alleges that the government did not have jurisdiction to prosecute him in federal court. However, it has long been understood that the federal and states courts have concurrent jurisdiction over certain matters. *See United States v. Lanza*, 260 U.S. 377, 382 (1922) (finding that "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each"). Here, Buchanan was indicted, tried, and found guilty of violating federal narcotics statutes. Thus, Buchanan's allegation of no federal jurisdiction is without merit.

## II. Buchanan's Trial Counsel Provided Effective Assistance of Counsel

Buchanan argues that he was denied his Sixth Amendment right to effective assistance of counsel. The standard for reviewing a claim of ineffective assistance of counsel was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* applies a two-prong analysis: (1) whether his counsel's deficiencies prejudiced his defense (the "prejudice" prong), and (2) whether counsel's performance fell below an objective standard of reasonableness (the "performance" prong). *Id.* at 688-692.

The prejudice prong requires Buchanan to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 695. A court is not required to determine whether counsel's performance was deficient before examining the prejudice prong. *Id.* at 697. "If it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

In order to satisfy the performance prong, Buchanan must specifically identify acts or omissions that form the basis of his claim of ineffective assistance. *Id.* at 690. Based on the totality of the circumstances, the court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* Courts must begin this analysis with a strong presumption that counsel rendered reasonably effective assistance. *See United States v. Morales*, 964 F.2d 677, 683 (7th Cir. 1992). A defense attorney's performance is acceptable when he chooses a professionally competent strategy that secured for the accused the benefit of the adversarial process. *See Kokoraleis v. Gilmore*, 131 F.3d 692, 696 (7th Cir. 1997). Under *Strickland*, courts should not second-guess counsel with the benefit of hindsight and can require only "a professionally competent defense, not . . . the best possible defense." *Holman v. Gilmore*, 126 F.3d 876, 883 (7th Cir. 1997). Additionally, "a lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review." *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). If the attorney's strategic decisions were sound when they were made, these decisions cannot support a claim of ineffective assistance of counsel. *See United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994).

Buchanan first maintains that his trial counsel was ineffective for failing to pursue subpoenas to cross-examine witnesses and failing to interview witnesses. He alleges that, but for his attorney's failure to pursue this witness testimony, the outcome of the trial would have been different. Buchanan also maintains that trial counsel was ineffective because counsel failed to obtain the grand jury transcripts, which Buchanan alleges would have been beneficial to his case;

4

counsel did not object to the jury instructions; counsel failed to object to enhancements at sentencing; counsel failed to do adequate research; and counsel did not pursue information in possession of the prosecution.

Buchanan does not offer any evidence to support his allegation that the outcome of his trial was prejudiced by his attorney's alleged errors. Buchanan does not offer any affidavits as to what the grand jury transcripts or witness testimony would have revealed. Nor does he state how he was prejudiced by counsel's failure to object to the jury instructions. Bare allegations, standing alone, are insufficient to establish ineffective assistance of counsel. *See United States v. Jordan*, 870 F.2d 1310, 1318 (7th Cir. 1989). Additionally, given the deference due lawyers' strategic decisions under *Strickland*, the performance of Buchanan's counsel does not fall outside the realm of reasonably competent representation. Without contrary evidence such as affidavits of the witnesses' purported testimony, we follow the Seventh Circuit's conclusion that "overwhelming evidence amply supports the conviction[] of . . . Buchanan." *United States v. Omar Fazal and Lonnie Buchanan*, 61 Fed. Appx. 289, 292 (7th Cir. 2003).

Given the lack of evidence of prejudice to the outcome of Buchanan's case and the strong presumption of reasonably effective counsel, we find Buchanan's claim of ineffective assistance to be without merit.

## III. Buchanan Procedurally Defaulted Because Allegations of Reversible Error Were Not Addressed On Direct Appeal

Buchanan alleges that the district court committed reversible error when it allowed custodial statements of non-testifying co-defendants to be heard at trial, when it did not find that Buchanan played a minor role in the offenses, and when it found that Buchanan participated in a drug conspiracy when he was not found in possession of any drugs. However, these allegations

5

were not among the laundry list of issues addressed on appeal by Buchanan's attorney in his *Anders* brief or by Buchanan in his Rule 51(b) response filed pursuant to the Federal Rules of Appellate Procedure.

A defendant may not use a section 2255 petition as a "recapitulation of," or "a substitute for," a direct appeal. *McCleese v. United States,* 75 F.3d 1174, 1177 (7th Cir. 1996) (internal quotation marks omitted). "An issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *see also Fountain v. United States,* 211 F.3d 429, 432 (7th Cir. 2000) ("Claims not raised on direct appeal are barred from collateral review unless upon review, [the court has] been convinced that a failure to consider the issue would amount to a fundamental miscarriage of justice.") Additionally, this "cause and prejudice" standard requires the defendant to establish that "some objective factor external to the defense" impeded his ability to raise the issue sooner, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (internal quotation marks omitted), and that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982) (emphasis in original).

Buchanan does not assert either good cause or prejudice for his default, nor does he allege a fundamental miscarriage of justice. Therefore, his allegations of reversible error are procedurally defaulted.

Even if he had raised these issues on direct appeal, we would conclude that Buchanan's allegations of error are without merit. Relief is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bishchel v. United States*, 32 F.3d 259, 263 (7th Cir.1994), quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir.1991).

Buchanan alleges that the district court erred in allowing custodial statements of non-testifying co-defendants to be heard at trial. However, Buchanan has not identified what custodial statements of non-testifying co-defendants were heard since there was only one co-defendant in the case and that person did not testify. Buchanan may be referring to statements recorded over a wiretap his co-defendant's phone, which the court admitted as a co-conspirator statement under Federal Rule of Evidence 801(d)(2)(E). Buchanan has not cited any way in which he was prejudiced by the district court's alleged error in allowing the statements to be heard at trial. Buchanan has not established that the court's supposed error resulted in a "complete miscarriage of justice." Additionally, the Seventh Circuit stated that "given the evidence against the defendant[], we also agree with counsel that it would be frivolous to argue that the district court erred in admitting coconspirator statements based on the government's alleged failure to establish a conspiracy by a preponderance of the evidence." *Fazal*, 61 Fed. Appx. at 292.

Buchanan also alleges that the district court erred in not finding, at sentencing, that he played a minor role in the offenses. Buchanan argues that he was merely present during drug deals. However, at sentencing, the court found that Buchanan's action and knowledge of the offense were too significant to qualify for a reduction to the offense level. "Errors in the implementation of the Sentencing Guidelines are generally not cognizable in a collateral attack."

*Buggs v. United States,* 153 F.3d 439, 443 (7th Cir. 1998). Therefore, Buchanan's role in the offenses is not an issue of constitutional dimensions and may not be raised in this collateral attack.

Finally, Buchanan alleges that the district court erred in finding that he participated in a drug conspiracy. He argues that since he was never caught in possession of drugs, he cannot be found guilty of possession with the intent to distribute. We agree with the Seventh Circuit's statement that "overwhelming evidence amply supports the conviction[] of . . . Buchanan." *Fazal*, 61 Fed. Appx. at 292. Thus, even assuming that these claims of error were not procedurally defaulted, Buchanan's allegations are without merit.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is denied. It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: August 24, 2005